**FILED**

**JUL 26 2010**

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY HICKMAN<br>3940 Suitland Road #201<br>Suitland, MD 20746<br>    Plaintiff<br><br>    v.<br><br>UTLEY MECHANICAL, INC.<br>1008 Florida Ave., N.E.<br>Washington, DC 20002<br>  Serve: Ralph B. Utley<br>       1008 Florida Ave., N.E.<br>       Washington, DC 20002<br>       Registered Agent<br><br>    and<br><br>CLIFFORD UTLEY<br>1008 Florida Ave., N.E.<br>Washington, DC 20002<br>    Defendants | Civil Action No.<br><br>Case: 1:10-cv-01260<br>Assigned To : Bates, John D.<br>Assign. Date : 7/26/2010<br>Description: Labor-ERISA |

*JURY ACTION*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jeffrey Hickman, by his attorney, Jerry R. Goldstein, hereby sues Utley Mechanical, Inc. and Clifford Utley and alleges as follows:

1. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 216, 28 U.S.C. Sec. 1331, the D.C. Wage Payment and Collection Law, D.C. Code Sec. 32-1301 et seq., and pendent jurisdiction.

2. Venue is proper pursuant to 28 U.S.C. Sec. 1391(b) and (c).

3. Plaintiff is a resident of the State of Maryland.

4. Defendant Utley Mechanical, Inc. ("UMI") is a District of Columbia

Corporation with its principal place of business in the District of Columbia. It is an enterprise covered by the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. ("FLSA").

5. Defendant Clifford Utley was at all relevant times the President of UMI and had operational control of the Corporation, including payroll matters.

6. Defendant UMI is also an "employer" under the D.C. Wage Payment and Collection Law.

7. Plaintiff was employed as a union plumber by UMI from August 2008 until October 2009.

8. Plaintiff worked exclusively on public projects during his tenure with UMI, such that UMI was required to pay him the appropriate prevailing wage for all hours worked pursuant to the Davis-Bacon Act.

9. UMI failed to pay the Plaintiff the required prevailing wage for any of his hours worked for UMI, including overtime hours.

10. The Plaintiff should have been paid $36.24 per hour during the period from August 1, 2008, until July 31, 2009, and $37.67 from August 1, 2009, until the time of his termination in October 2009. Instead, UMI paid the Plaintiff $24.31 for 2008-2009, and $24.66 thereafter.

11. On a 40-hour, weekly basis, during the time period until July 31, 2009, the Plaintiff worked at least 1,821 of straight time and 143 hours of overtime. Beginning August 1, 2009, the Plaintiff worked 458 hours of straight time and 46 hours of overtime.

COUNT I
(Violation of Fair Labor Standards Act)

12. Plaintiff incorporates by reference Paragraphs 1 through 11.

13. Defendant UMI is an employer subject to the FLSA.

14. Defendants UMI and Utley were aware of Plaintiff's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of 40 per week during certain weeks.

15. Plaintiff was never paid the proper amount of overtime, based upon the Davis-Bacon Act prevailing wage rates, by UMI for the hours he worked in excess of 40 per week.

16. Plaintiff was not an exempt employee under the FLSA.

17. Defendant UMI's failure to pay the proper amount of overtime to Plaintiff was a willful and intentional violation of the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of $5,000, plus liquidated damages in an equal amount, plus prejudgment interest, plus attorney's fees and the costs of this action.

COUNT II
(D.C. Wage Payment and Collection Law)

18. Plaintiff incorporates by reference Paragraphs 1 through 17.

19. Pursuant to the D.C. Wage Payment and Collection Law ("DCWPCL"), Defendant UMI was required to pay the Plaintiff all amounts owed to him for work performed within 10 working days of the close of each pay period, and, ultimately, the next working day following termination.

20. Defendant UMI has failed and refused to pay the Plaintiff based upon the

Davis-Bacon Act prevailing wage for regular time and overtime pursuant to the DCWPCL and therefore is in violation of that Law.

WHEREFORE, Plaintiff demands judgment against Defendant UMI in the amount of $32,000, plus liquidated damages, plus prejudgment interest, plus attorney's fees and the costs of this action.

Jerry R. Goldstein (Bar No. 173690)
4610 Elm St.
Bethesda, MD 20815
301-656-1177 ext. 305
301-986-9719 fax
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable by a jury.

Jerry R. Goldstein